UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BEAR,<br>          Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 17 cv 06512 |
| JEFF MASON and THE UNIVERSITY OF CHICAGO,<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>) | Jury Trial Demanded |

### JOINT INITIAL STATUS REPORT

Plaintiff, John Bear ("Mr. Bear"), Defendant Jeff Mason ("Mr. Mason"), and Defendant the University of Chicago (the "University"), through their respective counsel, as their Joint Initial Status Report, state as follows:

**A.**    **The Nature of the Case.**

    **a.**    **Bases for jurisdiction, nature of the claims and counterclaims.**

Mr. Bear has filed a six-count complaint. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction, as Count I is brought under Title VII of the Civil Rights Act of 1964. Mr. Bear has alleged that his former employer, the University discriminated against him on the basis of his gender.

Mr. Bear takes the position that this court has supplemental jurisdiction over Counts II through VI as the allegations are so related to the sex discrimination claim, that they form part of the same case or controversy. Count II is a premises liability claim against the University, Counts III through VI are claims against Mr. Mason for assault, battery, tortious interference with business contracts, and defamation, respectively. The University denies that the allegations against Mr. Mason (Counts III – VI) are so related to the sex discrimination claim against the University that they form part of the same case or controversy.

There are no counterclaims filed.

    **b.**    **Relief sought by plaintiff, including computation of claimed damages, if available.**

In Count I, Mr. Bear asks for an award of damages equal to: (i) all back pay and front pay lost as a result of the termination of his employment, including prejudgment interest; (ii) compensatory damages; and (iii) attorneys' fees and costs. Count III, IV, and V asks for an

award of compensatory and punitive damages. Counts II and VI ask for compensatory damages. The exact amount of damages has not yet been calculated.

    c.    **Names of any parties that have not been served.**

All parties have been served.

    d.    **Major legal issues.**

The principal legal issues include: (i) whether the University treated Mr. Bear differently from similarly situated female employees on the basis of his gender; (ii) whether Mr. Bear met the legitimate expectations of his employer; (iii) whether the University had legitimate, non-discriminatory reasons for its discipline of Mr. Bear; (iv) whether after-acquired evidence would have justified the termination of Mr. Bear's employment; (v) whether Mr. Bear mitigated his damages by promptly finding replacement employment; (vi) whether Mr. Bear may recover punitive damages; (vii) whether the University violated any duty of reasonable care to Mr. Bear with respect to its premises; (viii) whether Mr. Bear was contributorily negligent; (ix) whether alleged statements by Mr. Mason are such that they can be considered statements of fact as opposed to opinion and whether they can be considered defamatory of Mr. Bear; (x) whether the higher standard applicable to reverse discrimination cases applies; and (xi) whether Mr. Bear had a reasonable business expectancy of continued employment with the University and if so, whether Mr. Mason interfered with that expectancy.

In addition to the foregoing legal issues, the University's motion to dismiss the premises liability claim raises the legal issues of whether its former employee's claim is preempted by the Illinois Workers Compensation Act and whether the University can be held liable for the alleged criminal actions of Mr. Mason. The Plaintiff will ask for a briefing schedule on this Motion.

Mr. Mason is to file an answer to the Complaint by November 21, 2017.

    e.    **Major factual issues.**

The principal factual issues include: (1) the events of November 12, 2017 and whether the confrontation between Mr. Bear and Mr. Mason rises to the level of an assault or battery; (2) the University's reasons for taking disciplinary action against Mr. Bear; and (3) the amount of Plaintiff's claimed damages.

    f.    **Citations to key authorities which will assist the Court in understanding and ruling on the issues.**

With respect to Mr. Bear's premises liability claim, the University argues that it should be dismissed because it is preempted by the Illinois Workers' Compensation Act. 820 ILCS 305/5(a); *Handzel v. Kane-Miller Corp.*, 244 Ill. App. 3d 244 (1st Dist. 1993); *Doe v. LaMagdalena II, Inc.*, 585 F. Supp. 2d 984 (N.D. Ill. 2008). Alternatively, the University asks that this court dismiss the premises liability claim because it cannot be held liable for the alleged criminal actions of a third party. *Rowe v. State Bank of Lombard*, 125 Ill.2d 203 (1988).

B. **Preparation of Draft Scheduling Order.**

The parties propose the following scheduling order:

- mandatory initial discovery responses to be served on or before December 7, 2017;
- fact discovery to be completed on or before May 31, 2018;
- Rule 26(a)(2) expert disclosures on issues for which the party bears the burden of proof to be served by July 15, 2018;
- Rule 26(a)(2) rebuttal expert disclosures to be served by August 15, 2018;
- Rule 26(a)(2) depositions to be completed by September 15, 2018;
- dispositive motions, if any, to be filed by October 15, 2018;
- responses to dispositive motions, if any, to be filed by November 15, 2018;
- reply briefs in support of dispositive motions, if any, to be filed by December 10, 2018; and
- trial in February 2019.

C. **Trial Status.**

Mr. Bear has demanded a jury. Given the number of contemplated witnesses, the parties believe the trial will last for 5 days.

D. **Consent to Proceed Before a Magistrate Judge.**

At this time the parties do not consent to proceed before the Magistrate Judge.

E. **Settlement Status.**

Mr. Bear has made written settlement demands to both Mr. Mason and the University. Neither the University nor Mr. Mason made a settlement offer, and none are expected.

Dated: November 17, 2017                          Respectfully submitted,

/s/ Peter M. Katsaros                             /s/ Michael C. Bruck
Peter K. Katsaros (#3122661)                      Michael C. Bruck (#04933)
Brianna L. Golan (#6299871)                       William B. McAllister (#04933)
Golan Christie Taglia LLP                         Williams Montgomery & John, Ltd.
70 W. Madison, Suite 1500                         233 S. Wacker Drive, Suite 6100
Chicago, IL 60602                                 Chicago, IL 60606
(312) 263-2300                                    (312) 443-3852
pmkatsaros@gct.law                                mcb@willmont.com
blgolan@gct.law                                   wbm@willmont.com
***Attorneys for John Bear***                     ***Attorneys for Jeff Mason***

/s/ Sandy L. Morris
Sandy L. Morris (#6270309)
Kehinde A. Durowade (#6308925)
Chico & Nunes, P.C.
333 W. Wacker Drive, Suite 1420
Chicago, IL 60606
(312) 884-5652
smorris@chiconunes.com
kdurowade@chiconunes.com