**UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN BEAR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-06512 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| JEFF MASON and THE | ) | Mag. Judge Jeffrey T. Gilbert |
| UNIVERSITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
THE UNIVERSITY OF CHICAGO'S PARTIAL MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant University of Chicago (the "University") submits its Reply Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff John Bear's ("Plaintiff's") Complaint.

**INTRODUCTION**

Plaintiff purports to bring two claims against the University, his former employer: a Title VII claim of sex discrimination in employment (Count I), and a premises liability claim (Count II). Both claims arise out of the same incident, a confrontation between Plaintiff and Defendant Jeff Mason that occurred while Plaintiff was working as an Assistant Football Coach. In its opening brief, the University established that Plaintiff's premises liability claim should be dismissed with prejudice for two separate but independently sufficient reasons: (1) the claim is preempted by the Illinois Workers Compensation Act (IWCA), which provides the exclusive remedy for alleged employer negligence against employees, and (2) the University cannot be held liable for the alleged criminal actions of a third party as a matter of law because there is no recognized special relationship between an employer and its employee.

In his Response, Plaintiff impermissibly seeks to recast himself as an invitee rather than an employee in order to avoid the well-established legal consequences of his employment relationship with the University. First, Plaintiff argues that the exclusivity provision of the IWCA does not preempt his premises liability claim because the University is liable to him in a dual capacity; both as his employer and a business invitor. However, the dual capacity doctrine does not apply if the employer and landowner are the same legal entity. Indeed, if an employee could avoid the exclusivity rule simply by claiming invitee status, the exception would swallow the rule and all employees injured on their employer's premises could recover under both IWCA and common law.

With respect to the no-duty rule, Plaintiff argues that the University can be held liable for third-party criminal conduct because as a purported invitee, he falls within the special relationship exception. But Plaintiff cannot selectively shed his identity as an employee to avail himself of the "invitor-invitee" special relationship exception to the no-duty rule. Even if he could, he has not pleaded (and cannot plead) the second element of the exception: that the alleged assault was reasonably foreseeable to the University. For the reasons explained herein and in the University's opening brief, Plaintiff's premises liability claim should be dismissed with prejudice.

## **ARGUMENT**

The Court should dismiss Plaintiff's premises liability claim for failure to state a claim because: (1) the claim is preempted by IWCA and the dual capacity doctrine does not apply to employer-landowners with only one legal persona; and (2) the University is not liable to Plaintiff, an employee, for any alleged third-party criminal conduct because Plaintiff does not fall within the special relationship exception of the no-duty rule.

**I.     THE DUAL CAPACITY DOCTRINE DOES NOT APPLY TO PLAINTIFF'S PREMISES LIABILITY CLAIM.**

Plaintiff seeks to avoid the preemptive effect of the IWCA exclusivity rule by invoking the dual capacity doctrine, which provides that an employer may be liable in tort to its own employee if, in addition to its capacity as employer, it also acts in a second capacity that confers obligations independent of those imposed on him as an employer. *Garland v. Morgan Stanley & Co.*, 2013 IL App (1st) 112121, ¶ 34, *citing Ocasek v. Kras*, 153 Ill. App. 3d 215, 217 (1st Dist. 1987). Courts apply the dual capacity doctrine only when: (1) the employer was acting as a distinct separate legal persona; *and* (2) the employer was acting in two capacities such that the second capacity confers upon it obligations unrelated to those flowing from the first. *Id.* ¶ 40, *citing Ocasek*, 153 Ill. App. 3d at 217-18.

Plaintiff cannot establish either required prong. As an initial matter, Plaintiff's argument fails because the very nature of his claim negates the possibility that the University was acting as a distinct separate legal persona at the time of the incident. It is well established that when an employer is the same legal entity as the landowner, the dual capacity doctrine does not apply. *Sharp v. Gallagher,* 95 Ill. 2d 322, 328 (1983). In *Sharp*, the plaintiff was injured while working as a carpenter-helper at a residential construction site. *Id.* at 324. A partnership called Farmingdale Millwork employed the plaintiff and, using the d/b/a of Orchard Hill, also owned the construction site. *Id.* 324-25. The plaintiff filed suit against Orchard Hill for violations of the Structural Work Act and for negligence, arguing that the claims were not preempted by IWCA because Orchard Hill had independent duties to plaintiff as a landowner and therefore the dual capacity doctrine applied. *Id.* at 325-27. The Illinois Supreme Court held that the dual capacity doctrine does not apply when the employer and the landowner are the same legal entity and affirmed the trial court's dismissal of the claims. *Id.* at 328.

One of the cases the *Sharp* plaintiff relied on was *Marcus v. Green*, 13 Ill. App. 3d 699 (5th Dist. 1973), the case upon which Plaintiff chiefly relies here.[1] In *Marcus*, a carpenter who had been injured while constructing an apartment building sued the partnership that owned the construction site and its individual members under the Structural Work Act. *Id.* at 701. One of the members of the partnership that owned the site also owned the construction company that employed the plaintiff. *Id.* The *Marcus* court held that the landowner partnership could be sued pursuant to the dual capacity doctrine because it was a separate legal entity from the entity that employed the plaintiff. *Id.* at 708.

In *Sharp*, the Illinois Supreme Court specifically distinguished *Marcus* from the case before it because in *Marcus*, the landowner was not the same legal entity as the employer but in *Sharp*, the landowner and the employer were one and the same. 95 Ill. 2d at 328. Quoting an earlier Illinois Supreme Court opinion, the *Sharp* court noted that "[a] mere separate theory of liability against the same legal person as the employer is not a true basis for use of the dual capacity doctrine; the doctrine, instead, requires a distinct separate legal *persona*." *Id.* The Illinois Supreme Court further recognized an important public policy reason for the rule: "[a]n employer, as part of his business, will almost always own or occupy premises, and maintain them as an integral part of conducting his business. If every action and function connected with maintaining the premises could ground a tort suit, the concept of exclusiveness of remedy would be reduced to a shambles." *Id.*, quoting 2A A. Larson, Workmen's Compensation sec. 72.82 (1982).

Here, as in *Sharp*, the University is both the landowner and the employer – there is only one legal entity – and the dual capacity doctrine does not apply. *See also Reynolds v. Clarkson*, 263 Ill. App. 3d 432 (4th Dist. 1994) (refusing to apply dual capacity doctrine and affirming trial

---

[1] In his brief, Plaintiff refers to *Marcus v. Green* as *Green v. Schroeder.* (Pl.'s Resp., Doc. No. 33 at 4.)

4

court's dismissal of premises liability claim against employer-landowner because they were the same legal entity).

The remaining authority offered by Plaintiff is likewise unavailing. Two of Plaintiff's cases, *Garland* and *Ocasek*, actually support the University's position. In both *Garland* and *Ocasek* the appellate courts reject the plaintiffs' attempts to invoke the dual capacity doctrine because the "mere fact that the employer…performs …functions which impose upon him the duty to exercise due care, *does not serve to endow him with a second legal persona* completely independent from and unrelated to his status as an employer." *Garland*, 2013 IL App (1st) 112121 ¶ 46, *quoting Ocasek*, 153 Ill. App. 3d at 218-19.

Plaintiff also cannot establish the other required prong – that the University was acting in a second capacity that conferred upon it obligations to Plaintiff unrelated to those flowing from his employment. It is clear from the face of the Complaint that Plaintiff's claims against the University arise solely from his employment; yet, Plaintiff argues that at the time of his alleged injury, the University was acting in a second capacity because it allegedly invited students, alumni, and others to its premises.[2] (Pl.'s Resp., Doc. No. 33 at 4.) The cases cited by Plaintiff are inapposite because they merely articulate the duty owed to an invitee and do not analyze whether the dual capacity doctrine can be used to make an employer liable to an employee. *Bulduk v. Walgreen Co.*, 2015 IL App (1st) 150166-B ¶ 15 (store owed duty of care to customer in slip-and-fall case); *Green v. Jewel Food Stores, Inc.*, 343 Ill. App. 3d 830, 832 (same); *Ward v. K Mart Corp.*, 136 Ill.2d 132, 141 (1990) (same). None of the cases cited in Plaintiff's Response support his contention that the presence of *other* invitees on University premises somehow conferred a

---

[2] Significantly, although Plaintiff raises the argument in his Response, he does not actually allege in his Complaint that the University was acting in a second capacity because it invited students, alumni, and others to its premises.

separate and distinct legal duty on the part of the University toward *Plaintiff*, who was present in his capacity as Assistant Football Coach. (*See* Compl. ¶¶ 57, 59.)

For these reasons, this Court should reject Plaintiff's attempt to invoke the dual capacity doctrine and grant the University's motion to dismiss the premises liability claim with prejudice because it is preempted by IWCA.

II. **THE UNIVERSITY IS NOT LIABLE FOR THE ALLEGEDLY CRIMINAL ACTIONS OF A THIRD PARTY BECAUSE THE SPECIAL RELATIONSHIP EXCEPTION TO THE NO-DUTY RULE DOES NOT APPLY TO EMPLOYEES OR WHEN THE INJURY WAS NOT REASONABLY FORESEEABLE.**

Even if Plaintiff's premises liability claim was not preempted by the Illinois Workers Compensation Act, Count II should be dismissed with prejudice because it arises solely out of the alleged criminal conduct of a third party. As the University demonstrated in its opening brief, under Illinois law, a landowner generally has no duty to protect others from criminal activities by third persons on its property absent a special relationship between the parties. *Rowe v. State Bank of Lombard*, 125 Ill.2d 203, 215-16, 531 N.E.2d 1358, 1364 (1988) (citation omitted). The special relationship exception applies only if: (1) there is a "special relationship" between the parties; *and* (2) the criminal act was reasonably foreseeable. *Jackson v. Shell Oil Co.*, 272 Ill. App. 3d 542, 547 (1st Dist. 1995) (affirming dismissal because landlord owed no duty to tenant's employee to protect him from third persons); *Rowe*, 125 Ill.2d at 216. However, Illinois law does not recognize the employer-employee relationship as a "special" one. *Smith v. MHI Injection Molding Machinery, Inc.*, Case No. 10 C 8276, 2014 WL 656633, at *3 n.5 (N.D. Ill. Feb. 20, 2014).

In response, Plaintiff argues that the exception applies here because business invitors and invitees have a special relationship. (Doc. No. 33 at 5.) Plaintiff cites no authority supporting his implicit claim that an employee can declare himself an invitee simply by virtue of being on his employer's property at the time of his alleged injury. It is apparent from the face of the Complaint

6

that Plaintiff's claims against the University arise solely out of his employment, and that his alleged injury occurred while he was working as an Assistant Football Coach. (*See, e.g.,* Compl. ¶¶ 46, 57, 59.) In the absence of any case law finding that an employee can also be an invitee, Plaintiff's attempt to invoke the business invitee exception fails.

But even if Plaintiff could establish that a special relationship exists, Plaintiff has not pleaded, and cannot plead, the second element of the special relationship exception, namely that Mr. Mason's alleged assault was reasonably foreseeable to the University. Plaintiff does not and cannot allege any prior assaults or special circumstances from which such acts could be anticipated. *Applebaum v. Jewel Cos.*, 76 Ill. App. 3d 346, 348 (1st Dist. 1979) (dismissing premises liability claim because the assault was not reasonably foreseeable).

*Gill v. Chicago Park District*, 85 Ill. App. 3d 903 (1st Dist. 1980), is directly on point. In *Gill*, a spectator at a Chicago Bears football game alleged that the stadium owner, operator and security provider were liable for the injuries he suffered when two unknown assailants threw him over a railing and attempted to rob him. *Id.* at 904. Specifically, the spectator alleged that the defendants were negligent in failing to warn plaintiff of the danger of violent attacks by unruly spectators and in not providing adequate security to guard against such attacks. *Id.* Affirming the trial court's ruling, the appellate court held that the injury was not reasonably foreseeable because there were no disruptions or acts of violence at Soldier Field on the day of the incident, no warning of any sort prior to his attack, and no evidence of prior incidents of violence that would give notice to defendants of the probability of such assaults. *Id.* at 905. *See also Figueroa v. Evangelical Covenant Church*, 879 F.2d 1427, 1438 (7th Cir. 1989) (collecting cases holding that the landowner had no duty because the risk of criminal conduct was not reasonably foreseeable).

Here, as in *Applebaum* and *Gill*, Plaintiff's alleged assault was not reasonably foreseeable. Although Plaintiff conclusorily alleges on information and belief that the University was aware that Mr. Mason was a "threat to the safety of the football coaching staff," there is no factual support for this speculative allegation, and it is therefore insufficient even in the context of a motion to dismiss. (Compl. ¶ 27.) *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Importantly, Plaintiff does not allege that the University was aware of any previous incidents of assault or any other acts of physical violence by Mr. Mason or anyone else at or near the stadium. Mr. Mason's previous alleged conduct was limited to written and verbal expressions of frustration and disappointment with the coaching staff. (*Id.* ¶¶ 22-26.) The parent's email to Plaintiff attached as Exhibit A does not describe any violent behavior and moreover, affirmatively states that the writer did not make the University aware of any incidents involving Mr. Mason before the November 12, 2016 confrontation with Mr. Bear occurred. (Compl. Ex. A.) The only other previous "incident" alleged by Plaintiff (on one other occasion, "a fight **almost** broke out" in the stands) (emphasis added) does not make Mr. Mason's alleged on-field assault of Plaintiff reasonably foreseeable to the University because the University is not alleged to have been aware of the alleged near-fight in the stands; it did not involve Mr. Mason; it posed no alleged danger to the coaching staff; it did not occur on the field; and it involved no physical violence. (Compl. ¶ 17.) Because Plaintiff's alleged assault was not reasonably foreseeable, Plaintiff cannot establish the second prong of the special relationship exception to the "no-duty" rule with respect to criminal conduct on a landowner's premises.

Because the University had no legal duty to protect Plaintiff from alleged criminal activities by third persons on its property, Plaintiff's premises liability claim should be dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth herein and in the University's opening brief, the University respectfully requests that this Court dismiss with prejudice Count II of Plaintiff's Complaint for failure to state a claim and grant any and all other relief the Court deems just.

Dated: January 5, 2018

Respectfully submitted,
THE UNIVERSITY OF CHICAGO

By: __/s/ Sandy L. Morris__
     One of Its Attorneys

Sandy L. Morris (IL No. 6270309)
Kehinde Durowade (IL No. 6308925)
CHICO & NUNES, P.C.
333 West Wacker Drive, Suite 1420
Chicago, Illinois 60606
Tel: (312) 463-1000
Fax: (312) 463-1001
smorris@chiconunes.com
kdurowade@chiconunes.com
*Counsel for the University of Chicago*

**CERTIFICATE OF SERVICE**

I, Sandy L. Morris, an attorney, hereby certify that on this 5th day of January, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the court's system.

| | |
|---|---|
| Peter M. Katsaros, Esq. | Michael C. Bruck |
| Brianna L. Golan, Esq. | William B. McAllister |
| Golan Christie Taglia LLP | Williams Montgomery & John Ltd. |
| 70 West Madison Street, Suite 1500 | 233 S. Wacker, Suite 6100 |
| Chicago, Illinois 60602 | Chicago, Illinois 60606 |
| pmkatsaros@gct.law | mcb@willmont.com |
| blgolan@gct.law | wbm@willmont.com |

/s/ Sandy L. Morris